IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | |
|---|---|
| **Kenneth Hinton,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:09cv1061 (AJT/TRJ) |
| **Equifax Information Services, *et al.*,** | ) |
| **Defendants.** | ) |

## *REPORT AND RECOMMENDATION*

Defendants Equifax Information Services LLC ("Equifax") and Trans Union LLC ("Trans Union") have moved the court (no. 23) to sanction plaintiff Kenneth Hinton in a manner that will check his practice of abusive litigation against the instant defendants and others. Plaintiff neither responded to the motion nor appeared at the hearing.

For the reasons stated below, and consistent with the inherent power of the court to protect its jurisdiction and control its docket, the magistrate judge recommends barring plaintiff from filing any further complaints in the Eastern District of Virginia without first filing a petition for leave to file accompanied by a certification that the proposed action is (1) not frivolous, (2) filed in good faith, and (3) not previously disposed of by this court in any previous action.

## *PROCEDURAL HISTORY*

Only seven months before plaintiff filed the suit that gives rise to this sanctions motion, plaintiff initiated an action against Trans Union, one of this suit's defendants, in Hinton v. Trans Union, et al., No. 09cv170 (E.D. Va.) (Hinton I). Plaintiff's claims were dismissed with

prejudice. Notably, the Hinton I court took juridical notice of plaintiff Hinton's pattern and practice of abusive and frivolous filings. The court noted that plaintiff had filed, in federal court alone, approximately forty-three lawsuits. Id. at D.E. 90, p. 2.

Forty-eight hours after the court dismissed Hinton I, plaintiff filed this action in state court. Two months after that, plaintiff filed in Arlington County General District Court a Warrant in Debt against Equifax's counsel of record, John Montgomery. (Plaintiff failed to appear at the hearing for the latter and the General District Court accordingly dismissed the case.)

As with the hearing for the present motion for sanctions, plaintiff neglected to appear at the hearing for defendants' motion to dismiss in this case. After granting the motion to dismiss with prejudice, the court directed defendants to file this motion for sanctions.

### *FINDINGS*

Federal Rule of Civil Procedure 11(b) provides for sanctions against a party who files legal claims that are unwarranted by existing law or that are presented for any improper purpose such as harassment, unnecessary delay, or needlessly increasing the cost of litigation. As for the nature of such sanctions, Fed. R. Civ. P. 11(c)(4) allows for "nonmonetary directives."

More specifically, a court may require a sanctioned litigant to file a petition for leave to file before commencing a civil action. Kanazeh v. Equifax Credit Reporting, No. 02-969 (E.D. Va. Oct. 21, 2003); See also Autry v. Woods, No. 96-6112, 1996 WL 276315, at *1 (4th Cir. 1996).

In this case, such a sanction is an appropriate and necessary exercise of the court's inherent power to protect its jurisdiction and judgments and to control its docket.

In at least four federal district courts, for example, plaintiff has been barred from filing any further lawsuits or warned of the possibility of sanctions in the event of further filings. See

Hinton v. SupportKids, Inc., 2009 WL 1650483, *2 fn. 3 (W.D. Tex. June 19, 2009); Hinton v. McDonald's Corp., No. AW-01-cv-1400 (D. Md. June 27, 2002)(dismissing, among other things, constitutional claims against McDonald's for the sale of French fries not cooked in 100% vegetable oil); Hinton v. Rajjoub, 4:01-cv-2234 (M.D. Pa. Feb. 28, 2002); Hinton v. Rajjoub, 4:01-cv-0795 (M.D. Pa. May 30, 2001).

Against this backdrop of abusive and frivolous litigation nationwide, Mr. Hinton's repeated failures to appear in court for hearings that were occasioned by his own pleadings and motions further support this court's finding that they were being presented for the improper purpose of harassment and increasing the cost of litigation.

## CONCLUSION

Accordingly, and for the reasons stated above, the magistrate judge recommends barring plaintiff from filing any further complaints in the Eastern District of Virginia without first filing a petition for leave to file accompanied by a certification that the proposed action is (1) not frivolous, (2) filed in good faith, and (3) not previously disposed of by this court in any previous action. If plaintiff decides to file another action, he shall file such a petition within fourteen days of appearing before the Clerk of Court.

## NOTICE

By means of the court's electronic filing system, and by mailing copies of this report and recommendation to the parties at their addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and

recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

April 26, 2009
Alexandria, Virginia